# Lessee of John Rugan and John Crain *against* Richard Philips, William Hayden, William West and Elizabeth West.

Plaintiff in ejectment shall recover according to his title when suit was brought; but if pending the suit, his title is devested, he may proceed for damages and costs.

These were four different ejectments brought against the different defendants, to September term 1801, for four houses on the southwest corner of Dock and Walnut streets, in the city of Philadelphia. The trials were brought on, before Yeates, J. at a Court of *Nisi Prius*, held on 3d March last, and the following facts were admitted to the jury.

Samuel West was seised of the premises in question. On the 19th August 1800, he stopped payment, the several defendants being then tenants under him by lease.

On the 4th September 1800, he mortgaged the premises to Taylor and Newbold, to secure the payment of 10,000 dollars, and interest thereon, in the spring of 1801.

On the 12th and 19th September 1800, he committed acts of bankruptcy, and on the 25th November following, a commission of bankrupt issued, on which he was declared a bankrupt. On the 24th December 1800, an assignment of all his estate was made to the lessors of the plaintiff.

Taylor and Newbold sued out a *scire facias* on their mortgage, returnable to March term 1802, and on the 27th March obtained judgment thereon. A *levari facias* was sued out, and the premises were sold to the mortgagees, who obtained the sheriff's deed on the 12th June 1802, which was afterwards acknowledged in open court, on the 11th December following.

*383] *The question on the trial merely respected nominal damages and costs of suit, to which the lessors of the plaintiff conceived themselves entitled.

The counsel for the defendants contended, that if the plaintiff was not entitled to possession, he could recover no damages or costs. They appeared for Taylor and Newbold, who had the legal title vested in them by the mortgage, prior to the act of bankruptcy committed, and who might have supported ejectment for the possession. The estate of the lessors of the plaintiff, and the holding of the defendants, was determinable at the will of the mortgagees ; and they must be considered in the same light as if they had been made co-defendants.

*E contra*, it was insisted on for the plaintiff, that the mortgagees were not entitled to make themselves co-defendants, until they had pursued their legal remedy, either by ejectment or *scire facias*. But at all events, they had not made themselves co-defendants, but had continued still for more than six months after the ejectments were brought, before they proceeded by *scire facias*. Until they determined their will, the right of the mortgagor to proceed by ejectment, remained in full force, and consequently that of his assignees. If *quare ejecit infra terminum* had been brought, according to the ancient practice, the lessors of the plaintiff would have been entitled to recover damages and costs. And so here. In no case will the tenant be permitted to controvert the title of the landlord.

YEATES, J. declared, that the general rule was, that a plaintiff should recover possession in ejectment, according to his right at the time of the ejectment brought ; and he must lay his demise after his title accrued. But if he was devested of his title either by act of law, or his own act pending the suit, the court would not suffer him to recover the possession adverse to the will of the party in whom the title became vested ; for this would be perverting the remedy by ejectment, and be productive of injustice. The mortgagees had not substituted themselves as co-defendants ; nor could they interfere in this business, so far as it respected nominal damages and costs.

By agreement, a verdict was taken for the plaintiff with six

[Sparks v. Plankinhorne.]

cents damages and six cents costs, subject to the court's opinion in Bank, whether the plaintiff could recover under the foregoing statement of facts, the damages' and costs in the several suits.

Upon the case being opened in Bank, the chief justice declared, that he fully concurred in the opinion expressed at the trial ; *and that as the plaintiff was entitled at the time [*384 of the suit brought, he might under the circumstances of this case, recover his damages and costs ; to which BRACKEN-RIDGE, J. assented. Whereupon it was agreed, that judgment should be entered for the plaintiff for damages and costs.

Messrs. Rawle and Gibson, *pro quer.*

Messrs. Ingersoll and Dallas, *pro def.*

If the plaintiff be divested by a sheriff's sale after suit brought, he may have judgment for nominal damages and cost : Freedly v. Mitchell, 2 Pa. 100.